FULTON, SUPT. OF BANKS, *v.* ROUSH, GDN.

(Decided October 11, 1934.)

*Mr. John W. Bricker,* attorney general, and *Messrs. Herbruck, Shetler, Melchoir & Roach,* for plaintiff in error.

*Mr. Paul D. VanNostram,* for defendant in error.

MONTGOMERY, J.   On December 31, 1931, Ira J. Fulton, superintendent of banks, through Charles W. Miller, deputy superintendent in charge of the liquidation of The American Exchange Bank of Canton, Ohio, filed his application in the Court of Common Pleas of Stark county, Ohio, for authority to allow and pay as a preferred claim the sum of $1,394.67 to Clara E. Roush, as guardian of Wallace M. Roush, an incompetent, it being averred in the application that this money was derived solely and entirely from the United States Government by way of compensation from the Veterans Administration, for the benefit of an incompetent World War veteran.   This application was granted and the superintendent of banks was authorized, ordered and directed to allow this claim as a preferred claim, to be first paid out of the assets of The American Exchange Bank, but the money actually was not drawn from the bank by the guardian.

Thereafter, by reason of the decision of the Supreme Court of the United States rendered at the October term, 1932, in the case of *Spicer* v. *Smith,* 288 U. S., 430, 53 S. Ct., 415, 77 L. Ed., 875, the superintendent of banks, through the said Miller, as deputy in charge of liquidation, filed an application in the Court of Common Pleas of Stark county for instructions as to whether or not this claim theretofore ordered paid to Clara E. Roush should be paid under and by virtue of the former order of that court.   A motion having been filed by the defendant to dismiss this second application, the motion was sustained and the application dismissed, and from that order of dismissal by the Common Pleas Court error is now prosecuted to this court.

The question presented upon the motion to dismiss the second application, and now presented in this error proceeding, is whether or not the former order authorizing and directing the payment of this money as a preferred claim made the matter *res judicata.* Section 12258, General Code of Ohio, reads as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

It has been definitely decided in Ohio that the appointment of a receiver is a final order. With equal definiteness it has been determined that a decision allowing or rejecting a claim presented to the receiver is a final order. It is conceded by counsel that the situation in the instant case is analogous to that in a receivership case, and that the same rules should apply.

It is contended, however, by counsel for the superintendent of banks that the order of December 31, 1931, was not obtained in a contested proceeding, and that the parties were not therein adversaries, and that hence the rule should not apply. We cannot agree with this contention. It was not necessary that the guardian be made an adversary party in the proceeding, which was an application filed by the superintendent of banks. However, upon that application the superintendent's rights and the rights of the guardian were fully determined, and a valid final order was entered on the journal of the Court of Common Pleas. The rights of the parties having been therein fixed, and that order being in full force and effect, it cannot be upset by subsequent proceedings instituted in the same

court after term, in spite of a contrary holding upon the law by a supreme tribunal.

It follows that the judgment of the Court of Common Pleas will be and the same hereby is affirmed.

*Judgment affirmed.*

SHERICK, P. J., and LEMERT, J., concur.